IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE VANOCHTEN, | : | Civil No. 1:25-CV-00133 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Petitioner Terrance VanOchten's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 seeking a reduction in his sentence following the completion of the Residential Drug Abuse Program ("RDAP"). (Doc. 6.) The court will screen the amended petition pursuant to Rule 4. The court will dismiss the amended petition as the issue raised by Petitioner is not cognizable in a habeas proceeding.

### BACKGROUND

The court received and docketed a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 from Petitioner, an inmate currently housed in the Federal Correctional Institution Allenwood Low ("FCI-Allenwood Low"), on January 21, 2025. (Doc. 1.) The court screened the petition and dismissed it without prejudice for not naming an appropriate respondent. (Doc. 5.) Petitioner then filed an amended petition, which was received by the court on March 11, 2025. (Doc. 6.)

In the amended petition, Petitioner alleges that he is currently serving a term of imprisonment for convictions under 26 U.S.C. §§ 5861(D), 5841, and 5871 pertaining to the possession of an unregistered destructive device in conjunction with 18 U.S.C. § 922(g). (*Id.*) He alleges that he completed the Bureau of Prisons' ("BOP") RDAP program and he is entitled to a sentence reduction up to one year and that the BOP has denied this sentence reduction based on the erroneous conclusion that his underlying convictions qualify as crimes of violence. (*Id.*) Petitioner seeks an order from the court requiring the BOP to reduce his sentence by one year. (*Id.*)

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). Here, the court finds that the issue raised in the petition is not cognizable in a habeas proceeding. Therefore, the court will dismiss the petition.

The BOP operates a drug abuse treatment program that identifies inmates in need of substance abuse treatment. 28 C.F.R. § 550.50 *et seq.* The BOP's authority to reduce an inmate's sentence for completion of RDAP falls under 18 U.S.C. § 3621, which provides that "the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment . . . for all eligible prisoners . . . ." 18 U.S.C. § 3621(e)(1)(C). For inmates who successfully complete RDAP, the BOP "*may*" reduce the inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Further, Congress has expressed the view that these discretionary RDAP placement and release decisions should not be subject to wide-ranging judicial review. *See* 18 U.S.C. § 3625 (providing that the judicial review provisions of the Administrative Procedure Act "do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621). Thus, many courts have held that they lack jurisdiction to consider challenges to RDAP early release decisions. *See Harvey v. Warden/Superintendent of USP Canaan*, No. 21-cv-02150, 2022 WL 2292006, at *5 (M.D. Pa. June 24, 2022) (collecting cases). Such a sentence reduction is entirely within the BOP's discretion. *See, e.g.*, *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (stating that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term

of imprisonment"); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) (not precedential) (stating that "the BOP has discretion to determine which prisoners are eligible to participate in an RDAP") (citing 18 U.S.C. § 3621(e)(5)(B)).  Moreover, even if an inmate successfully completes RDAP, the completion of the program does not guarantee a reduction in sentence. *See, e.g.*, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *Dababneh v. Warden Loretto FCI*, 792 F. App'x 149, 151 (3d Cir. 2019) (not precedential) (concluding that "a prisoner has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program" (citations omitted)).  Because RDAP placement, removal, and early release decisions are within the discretion of the BOP, the court will dismiss the amended petition.

### CONCLUSION

For the above-stated reasons, the court will dismiss the amended petition and close the case.

An appropriate order follows.

Dated: June 9, 2025

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania